**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR292** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **ARTHUR ANTHONY MARR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR"). The government has adopted the PSR. (Filing No. 19.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement states that the parties stipulate that the Defendant "is in criminal history category II" and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) agreed that the Defendant shall be sentenced to 10 months imprisonment. The PSR, however, places the Defendant in criminal history category III and suggests a guideline range of 12-18 months. This issue will be discussed at sentencing. However, the Court advises the parties that it generally looks with disfavor upon parties' Rule 11(c)(1)(C) agreements with respect to calculation of a defendant's criminal history points prior to preparation of the PSR. The parties are aware that a thorough criminal history is not available until the presentence investigation, and any prior investigation done by pretrial services, for example, is only preliminary. The Court views criminal history as a purely factual matter that is unaffected by the offense conduct, as opposed to, for example, the

issue of drug quantity and the resulting base offense level.  Therefore, the Court's Tentative Findings are that the PSR is correct..

IT IS ORDERED:

1.     The Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

2.     If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3.     Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

4.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 3rd day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

2